# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

CYNTHIA MILTON, )
)
    Plaintiff, )
)
v. )   CIVIL ACTION NO.: CV505-027
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Cynthia Milton ("Plaintiff") filed applications for Disability Insurance benefits and Supplemental Security Income ("SSI") benefits on February 26, 2003, alleging disability commencing on August 20, 2001. (R. 14). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing, which was held on October 26, 2004. (R. 382-420). On December 21, 2004, Administrative Law Judge Morton J. Gold ("ALJ") held a hearing at which Plaintiff appeared and testified. (Id.). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act, and, therefore, was not eligible for Disability Insurance benefits and SSI payments. (R. 24). Plaintiff initiated a civil action for judicial review of the commissioner's action. (Doc. No. 1). The Commissioner moved to have the case remanded to further develop whether Plaintiff's past jobs had been performed long enough and at a level to qualify as "past relevant work." (Doc. No. 9). The Court granted the Commissioner's motion. (Doc. No. 11). Additional evidence was

considered and a new hearing was held by ALJ Gold. (R. 448-983). On October 22, 2007, the ALJ issued a new decision finding that Plaintiff could not perform her past relevant work, but that she was not disabled because she had the residual functioning capacity ("RFC") to perform a reduced range of light work. (R. 445). Considering Plaintiff's age, education, and past work, the ALJ determined that Plaintiff would be able to perform jobs that exist in significant numbers in the national economy. (Id.). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (R. 423-24).

In her complaint, Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. (Doc. No. 17, p. 2). Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled. Defendant asserts the Commissioner's decision should be affirmed.

## ALJ'S FINDINGS

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pursuant to the Act, the Commissioner employs a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the plaintiff is

not engaged in such activity, then the second inquiry asks whether the claimant has a medically severe impairment or combination of impairments. Id. at 140-41. If the claimant's impairment or combination of impairments is not "severe," then disability benefits are denied. Id. at 141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, subpt. P. App. 1; Yuckert, 482 U.S. at 141. If the impairment meets or equals one of the listed impairments, then the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, then the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing her past relevant work. Id. If the claimant is unable to perform her past relevant work, then the final step of the evaluation process determines whether she is able to perform other work in the national economy, considering her age, education, and work experience. Id. at 142. Disability benefits will be awarded only if the claimant is unable to perform other work. Id.

In the case *sub judice*, the ALJ followed the sequential process to determine that Plaintiff did not engage in substantial gainful employment after August 20, 2001. (R. 430). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: neck and lower back pain, right wrist pain, drug abuse, depression, and chronic obstructive pulmonary disease. (Id.). However, at step three, the ALJ

AO 72A
(Rev. 8/82)

3

determined that Plaintiff's medically determinable impairments were not severe enough to meet or medically equal a listed impairment. (R. 443). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light exertional work as defined in 20 C.F.R. §§ 404.1567(c) and 416.9679(c), except that Plaintiff should never be required to climb ladders, ropes, or scaffolding. (Id.). At step four, the ALJ found that Plaintiff could not perform any of her past relevant work. (R. 445). At step five, the ALJ found that Plaintiff would be able to perform jobs that exist in significant numbers in the national economy, such as photographic machine operator, hemstitching machine operator, and silver wrapper. (R. 446).

## ISSUE PRESENTED

Plaintiff asserts that the ALJ' determination is not supported by substantial evidence.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that the ALJ's findings are not supported by substantial evidence. (Doc. No. 17, p. 2). Plaintiff fails to cite to any specific errors the ALJ made in deciding this case. Plaintiff only alleges that her impairments prevent her from doing any work; that she is taking medication for lower back pain; that her pain prevents her from sleeping, standing, or sitting for more than five minutes at a time; and that she is depressed. Plaintiff includes a list of medications she is taking; however, an attachment she supplied indicates that only two prescriptions—for Trazodone and Lexapro—are being filled. (Doc. No. 23-2, p. 1). Information as to the medications Plaintiff was taking was included in the record and was considered by the ALJ in determining Plaintiff's RFC. (R. 138-41, 526-30, 926-30). Plaintiff also supplied copies of three medical reports from February through March 2007. (Doc. No. 23-2, pp. 2-5). These records were part of the medical record before the ALJ and were also considered by him. (R. 887-890).

In determining one's RFC the ALJ is required to consider the impact of all impairments, even those that have been found non-severe. 20 C.F.R. §§ 404.1545(a)(2) and 416.945(a)(2). In this case, the ALJ fully considered all of Plaintiff's impairments and weighed the medical evidence in order to determine any functional limitations that resulted from them. The ALJ provided a detailed analysis of the evidence of record and indicated how it was considered in determining Plaintiff's RFC (R. 430 - 445). Dr. Garcia had indicated lifting and carrying capabilities that were consistent with the ALJ's RFC finding. (R. 861). The clinical findings did not support the degree of limitation in standing and sitting to which Dr. Garcia opined. (R. 861). The ALJ found that Plaintiff could perform fine fingered manipulation and gross handling for up to five and a half hours in an eight-hour workday. (R. 444). This is consistent with Dr. Garcia's opinion that Plaintiff could frequently reach and handle and was unlimited in her ability to finger and feel. (R. 862). The ALJ determined that there was no basis for Dr. Garcia's opinion that Plaintiff would miss work more than three times a month because of her treatment because Plaintiff's treatment consisted almost entirely of taking prescribed medication. (R. 863). Thus, the ALJ's findings regarding the impact of Plaintiff's physical and mental impairments on her RFC are supported by substantial evidence.

The ALJ found that given her functional capacity, Plaintiff was unable to perform her prior work but that she could perform other jobs that existed in significant numbers in the national economy based on the testimony of the vocational expert, Dr. Locascio. (R. 445-446). In response to a hypothetical from the ALJ, which included the limitations in Plaintiff's RFC, Dr. Locascio testified that a person of Plaintiff's age, education, and

limited past work experience who had those limitations would be unable to perform Plaintiff's past jobs but could perform other jobs. (R. 970-975). Dr. Locascio provided several examples of jobs that such a person could perform, including work as a photographic machine operator, hemstitching machine operator, and silver wrapper. (R. 973-975). Dr. Locascio testified that these jobs accounted for more than 6,000 positions within the state and more than 67,000 positions nationally. (Tr. 973-975). Substantial evidence supports the ALJ's finding that, given her RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy and was not disabled. The decision of the Commissioner that Plaintiff was not disabled because she had the residual functional capacity to perform reduced range of light level work which, when considered together with her age, education, and past work experience, allowed her to perform jobs that existed in significant numbers in the national economy is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 25 day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE